STATE, MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN, PROSECUTORS, v. INHABITANTS OF THE TOWNSHIP OF NORTH BERGEN.

1. The general tax law exempts cemeteries from taxation.
2. Land within the boundaries of a cemetery acquired for burial purposes, but not actually used therefor, is not taxable.
3. The public cemetery of the city of Hoboken is also exempt by special act.

On *certiorari*. In matter of taxation.

Argued at November Term, 1880, before Justices Dixon, Reed and Parker.

For the prosecutors, *M. W. Niven.*

For the defendants, *J. C. Besson.*

The opinion of the court was delivered by

Parker, J. These writs remove the assessments of taxes for six several years, levied by the assessor of the township of North Bergen, upon lands belonging to the mayor and council of the city of Hoboken.

Under the provisions of the act entitled " An act to authorize the mayor and council of the city of Hoboken to sell or exchange the lands known as the ' burying ground' in the city of Hoboken," approved March 20th, 1857, the premises taxed were purchased by the city. That act provides that from the proceeds of the sale of the said " burying ground " in the city of Hoboken, the mayor and council of said city may purchase other lands, and the lands so purchased are by said act set apart forever as a public burial place, for the use of the inhabitants of the city of Hoboken.

The lands thus acquired by the city consist of about seventeen acres, and are in the township of North Bergen.

By a supplement to the act incorporating the city of Hoboken, approved February 18th, 1862, the mayor and council of the city were required to have the cemetery thus acquired, laid out in avenues and lots, and to dispose of lots to be used as burial places. The fourth section provides that the said cemetery and all burial lots thereafter sold therein, shall be and remain free from taxation.

As rapidly as required, the land within the boundaries of the tract was used for graves, but a part was not so used at the time of the assessments.

A small house had been built near the entrance to the cemetery, in which the superintendent resided, and in which, also, was the office.

Adjoining the house were five acres, within the boundaries of the seventeen-acre tract, not yet used for burial purposes. This land the superintendent cultivated. He did not receive any money compensation from the city for his services at the cemetery, but had the use of the house and the five acres lying contiguous thereto.

The house and the five acres constitute the property assessed.

The general tax law of the state exempts cemeteries from taxation.

It is, however, contended that the exemption under the general law extends only to the land actually used for burial purposes, and that arable land within the boundaries of a cemetery, although adjoining the part occupied by graves, is liable to taxation.

Such construction of the general act is too narrow. The space required for burial purposes constantly increases, and a reasonable quantity of land for future occupancy should be provided. Land acquired for such purpose is not taxable. Seventeen acres is not an unreasonable quantity of land for a cemetery in the vicinity of the city of Hoboken.

But if the premises assessed were not exempt under the general law, they are clearly not taxable by virtue of the provisions of the supplement of 1862, before mentioned. Before the date of that supplement the city of Hoboken had acquired title to the whole of the seventeen acres for burial purposes. This entire tract was designated the public burying ground or cemetery of the city of Hoboken. The fourth section of the supplement referred to the whole tract. The language is that the said cemetery shall be and remain forever free from taxation.

It is not necessary to consider other objections to the legality of the assessments.

The assessments are set aside, with costs.